NO. 07-02-0463-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 11, 2002

_____

STEPHEN BERNARD WRIGHT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 84596; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[1]

ON ABATEMENT AND REMAND

Upon his open guilty plea, appellant Stephen Bernard Wright was found guilty of

second degree felony theft and was sentenced to serve five years confinement in the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

Institutional Division of the Department of Criminal Justice. He gave timely notice of appeal and the appeal was transferred to us by order of the Texas Supreme Court.

The clerk's record was received and filed by the Ninth Court of Appeals, our transferor court, on October 14, 2002. No court reporter's record has been received, although the time for filing that record has expired. On October 30, 2002, the attorneys in the case were notified by the Ninth Court of Appeals that no reporter's record had been received and if no reporter's record was received for filing by November 29, 2002, the court would be required to take some action to require the filing of a complete record. No response has been received to that notification, nor has any motion seeking an extension of time for the filing of the reporter's record.

This state of the record requires us to remand the case to the Criminal Judicial District Court of Jefferson County to conduct hearings as mandated by Texas Rules of Appellate Procedure 37.3(2) and 38.8.

Upon remand, the judge of the trial court shall immediately cause proper notices to be given and conduct a hearing to determine:

1. If appellant still desires to pursue his appeal.

2. If appellant is indigent and the appointment of an attorney is necessary.

3. If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

4. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

5. If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determinations, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. These supplemental records shall be submitted to this court not later than January 13, 2003.

It is so ordered.

Per Curiam

Do not publish.

3